484 P.2d 162

**EQUITABLE LIFE & CASUALTY INSURANCE COMPANY, a Utah corporation, Plaintiff and Appellant,**

**v.**

**INLAND PRINTING COMPANY, a Utah corporation et al., Defendants and Respondents.**

**No. 12255.**

Supreme Court of Utah.

April 22, 1971.

---

Walker E. Anderson, Salt Lake City, for plaintiff-appellant.

J. Duffy Palmer, Felshaw King, of King & King, Clearfield, F. Robert Reeder, of Parsons, Behle, Evans & Latimer, Bruce G. Cohne, Salt Lake City, for defendants-respondents.

ELLETT, Justice:

The appellant herein held a note signed by the defendant corporation and secured by a chattel mortgage and also a mortgage on realty. The present action is to foreclose the mortgages and to recover the amount of the deficiency, if any there be, from the officers and directors of the corporation because of alleged negligent mismanagement of the corporate business.

The question to be determined on this appeal is what rights, if any, does a creditor of a corporation have against officers and directors for *negligent* mismanagement of its affairs. The appellant does not claim that there was any fraudulent or deceitful acts committed by any of the respondents. It does allege in its second amended complaint that the individual defendants "did cause or allow Inland to be conveyed, sold or transferred to Taggart in violation of the Utah Bulk Sales Act" and that later, after Taggart conveyed Inland back to these defendants (corporate officers and directors), said defendants sold to defendant Mulvay in violation of the Bulk Sales Act.

The Bulk Sales Act was repealed by Chapter 154, Article 10, Section 10–102, Laws of Utah 1965.

The dates of these alleged sales are not given; but even if the sales were prior to the repeal of the statute, we do not see how the appellant is affected by a violation thereof, for as to it the sales would be void, and it could enforce its remedies against the purchaser the same as it could

against the seller to the extent of the goods transferred. If the sales were subsequent to the repeal of the Bulk Sales Act and in violation of Chapter 6 of the Uniform Commercial Code, known as Bulk Transfers, the appellant is not hurt because Section 70A–6–105, U.C.A.1953 (Replacement Vol. 7B), makes the sale ineffective against a creditor who is not paid or given 10 days' notice of the transfer.

The complaint alleges that "Inland" was transferred. It does not state that the assets of Inland Printing Company were transferred, and we are at a loss to know whether the appellant was alleging a transfer of stock of the corporation from the defendants to Taggart and Mulvay or a sale of the assets of the corporation to them.

The law relative to mismanagement by, and negligence on the part of, officers and directors of a corporation is set out in 19 Am.Jur.2d, Corporations § 1350, as follows:

> Directors or officers may be liable to the corporation or stockholders for mismanagement of the business of the corporation or waste of its assets; but according to a number of cases, they are not liable to its creditors for mere mismanagement or waste of assets constituting a wrong or breach of duty as to the corporation. The rule generally followed by the authorities is that a creditor of a corporation may not maintain a personal action at law against the officers or directors of a corporation who have, by their mismanagement or negligence, committed a wrong against the corporation to the consequent damage of the creditor. The reason given for the rule is the entire lack of privity between the parties. There is certainly no contractual relation between them, nor any other legal relation which would raise a duty, on the part of directors or officers, to the creditor to exercise care in the management of the affairs of the corporation. The duty to exercise diligence and care is one owed to the corporation, and it is elementary law that one person cannot maintain an action against another for a wrong to a third person which injures him only incidentally. However, there are other cases which seem to hold an opinion contrary to the general proposition as expressed above. These actions seem to be maintained upon the theory that directors are trustees for creditors, but generally these cases have some element of fraud and deceit involved therein. * * *

See also cases cited in the annotation at 50 A.L.R. 462.

We think the trial court correctly held that the second amended complaint did not

**22**

state a cause of action against the individual defendants, the judgment is affirmed with costs to the respondents.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.